IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Impulse Communications, Inc.,<br><br>                           Plaintiff,<br><br>Uplift Games LLC, Treetop Games LLC, and Lionfield Investments Ltd.,<br><br>                           Defendants. | C.A. No. 1:24-cv-00166-JJM-LDA |

**DEFENDANTS UPLIFT GAMES LLC AND TREETOP GAMES LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)**

Defendants Uplift Games LLC ("Uplift") and Treetop Games LLC ("Treetop") (collectively "Defendants") hereby move to dismiss Counts II, III, IV, VI, VIII, and IX of the Complaint filed by Plaintiff Impulse Communications, Inc. ("Plaintiff") for failure to state a claim and to strike paragraphs 131, 137-141, 143, 146, 151-153, and a portion of paragraph 201, of the Complaint for inclusion of immaterial, impertinent and/or scandalous matter. As grounds for this motion, Defendants state as follows:

With respect to Counts II and III (federal dilution by blurring and tarnishment), Plaintiff has not alleged facts which, taken as true, would establish that its trademark ADOPT ME is so widely recognized by the general consuming public that it should be considered famous. Since fame is a prerequisite to a finding of dilution, the claims should be dismissed.

With respect to Count IV (violation of the Anticybersquatting Consumer Protection Act ("ACPA"), Plaintiff has not alleged facts tending to show a bad faith intent to profit from the use of the domain names PLAYADOPT.ME and PLAYADOPTME.COM. Defendants are not

1

cybersquatters, nor has Plaintiff alleged that Defendants are engaged in cybersquatting. Accordingly, this count should be dismissed.

With respect to Counts VIII and IX (tortious interference with contract and prospective business relations), Plaintiff has not described the statutory or common law basis for its claims. Notwithstanding this deficiency, tortious interference claims require both a defendant's knowledge of a plaintiff's contract or prospective business relationship with a third party and an intentional interference with same. The Complaint is devoid of such allegations, so these counts should be dismissed.

With respect to Count VI (common law unfair competition), as noted above with respect to the dilution claims, Plaintiff has not alleged facts tending to show that the consuming public widely identifies it as the source of any particular goods and services bearing the ADOPT ME trademark. To the contrary, Plaintiff concedes that Defendants' ADOPT ME! trademark is unquestionably the more well-known trademark of the two. (See, e.g. Compl. ¶123, ¶125, and ¶129) Defendants do not divert prospective customers of the Plaintiff to their own game when those individuals intend to engage with the Plaintiff's business, nor has Plaintiff alleged this is the case. Accordingly, Plaintiff has not pleaded sufficient facts tending to show Defendants have engaged in unfair competition and the count should be dismissed.

With respect to paragraphs 131, 137-141, 143, 146, 151-153, and a portion of paragraph 201 of the Complaint, the allegations in question are rife with unfounded accusations and insinuations of abhorrent behavior on Defendants' online game Adopt Me! that include pedophilia, sex, gambling, and illegal child labor. However, Plaintiff openly acknowledges that reports of this conduct do not "explicitly implicat[e] the Defendants' Adopt Me! game." (Compl. ¶ 141)  Such salacious allegations are included merely to inflame the reader and disparage

Defendants' reputation. Since Plaintiff itself acknowledges that these allegations do not implicate Defendants, the allegations should be stricken.

Defendants' Memorandum of Law in support of the instant motion, together with the Declarations of Nicholas Shawyer, Senior Legal Counsel at Uplift Games, LLC, and supporting exhibits are filed concurrently herewith.

WHEREFORE, Defendants request that this Court grant this Motion to Strike and Dismiss in its entirety, with prejudice.

Dated: June 27, 2024

        Respectfully submitted,
        DEFENDANTS UPLIFT GAMES LLC AND
        TREETOP GAMES LLC
        By their attorneys,

        /s/ Jeffrey K. Techentin
        R. Bart Totten [No. 5095]
        Jeffrey K. Techentin [No. 6651]
        ADLER POLLOCK AND SHEEHAN, P.C.
        One Citizens Plaza, 8th Floor
        Providence, RI 02903

        Michael D. Adams
        (*pro hac vice* application pending)
        Emily A. Nash
        (*pro hac vice* application pending)
        MAYER BROWN LLP
        71 S. Wacker Dr.
        Chicago, IL 60606

## **CERTIFICATE OF SERVICE**

       I hereby certify that on June 27, 2024, a true copy of the within was filed electronically via the Court's CM/ECF System.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.

       /s/ Jeffrey K. Techentin