## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

Impulse Communications, Inc.

    Plaintiff,

    v.

Uplift Games LLC, Treetop Games LLC
and Lionfield Investments Ltd

    Defendants.

Case No. 1:24-cv-00166-JJM-LDA

## DEFENDANT LIONFIELD INVESTMENTS LTD'S
## MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)

As a prefatory matter, Plaintiff Impulse Communications, Inc. ("Plaintiff") filed the above referenced complaint against three defendants, namely Uplift Games LLC ("Uplift"), Treetop Games LLC ("Treetop"), and Lionfield Investments Ltd ("Lionfield") (individually a "Defendant" and collectively "Defendants"). Uplift and Treetop were served on May 7, 2024 and jointly filed a Motion to Dismiss and Strike on June 27, 2024, which is currently pending before this honorable Court. Lionfield, which is an entity based in the United Kingdom, was not served until September 19, 2024, by which time Uplift and Treetop had filed their respective Motion to Dismiss and Strike. That motion is substantively nearly identical to the present motion on behalf of Lionfield. Lionfield's counsel has attempted to contact Plaintiff's counsel to obtain stipulations to align the present matter for all three Defendants and forgo the need for repetitive filings, but this outreach has not generated a response.

As a result, Lionfield hereby moves to dismiss Counts II, III, IV, VI, VIII, and IX of the Complaint filed by Plaintiff for failure to state a claim and to strike paragraphs 131, 137-141, 143, 146, 151-153, and a portion of paragraph 201, of the Complaint for inclusion of immaterial, impertinent and/or scandalous matter. As grounds for this motion, Lionfield states as follows:

With respect to Counts II and III (federal dilution by blurring and tarnishment), Plaintiff has not alleged facts which, taken as true, would establish that its trademark ADOPT ME is so widely recognized by the general consuming public that it should be considered famous. Since fame is a prerequisite to a finding of dilution, the claims should be dismissed.

With respect to Count IV (violation of the Anticybersquatting Consumer Protection Act ("ACPA"), Plaintiff has not alleged facts tending to show a bad faith intent to profit from the use of the domain names PLAYADOPT.ME and PLAYADOPTME.COM, nor is Lionfield the registered owner of these domains. Lionfield is not engaged in cybersquatting, nor is it alleged to be. Accordingly, this count should be dismissed.

With respect to Counts VIII and IX (tortious interference with contract and prospective business relations), Plaintiff has not described the statutory or common law basis for its claims. Notwithstanding this deficiency, tortious interference claims require both a defendant's knowledge of a plaintiff's contract or prospective business relationship with a third party and an intentional interference with same. The Complaint is devoid of such allegations, so these counts should be dismissed.

With respect to Count VI (common law unfair competition), as noted above with respect to the dilution claims, Plaintiff has not alleged facts tending to show that the consuming public widely identifies it as the source of any particular goods and services bearing the ADOPT ME trademark. To the contrary, Plaintiff concedes that the ADOPT ME! trademark is unquestionably

the more well-known trademark of the two. (See, e.g. Compl. ¶123, ¶125, and ¶129) Lionfield and its co-defendants Treetop Games LLC and Uplift Games LLC do not divert prospective customers of the Plaintiff to their own game when those individuals intend to engage with the Plaintiff's business, nor has Plaintiff alleged this is the case. Accordingly, Plaintiff has not pleaded sufficient facts tending to show Defendants have engaged in unfair competition and the count should be dismissed.

With respect to paragraphs 131, 137-141, 143, 146, 151-153, and a portion of paragraph 201 of the Complaint, the allegations in question are rife with unfounded accusations and insinuations of abhorrent behavior on the online game Adopt Me! that include pedophilia, sex, gambling, and illegal child labor. However, Plaintiff openly acknowledges that reports of this conduct do not "explicitly implicat[e] the Defendants' Adopt Me! game." (Compl. ¶ 141) Such salacious allegations are included merely to inflame the reader and disparage Lionfield and its co-Defendants' reputations. Since Plaintiff itself acknowledges that these allegations do not implicate Lionfield or the other Defendants, the allegations should be stricken.

WHEREFORE, Lionfield requests that this Court grant this Motion to Strike and Dismiss in its entirety, with prejudice.

> Respectfully submitted,
> DEFENDANT
> LIONFIELD INVESTMENTS LTD.
> By its Attorneys,
>
> /s/ R. Bart Totten
> R. Bart Totten [No. 5095]
> Jeffrey K. Techentin [No. 6651]
> ADLER POLLOCK AND SHEEHAN, P.C.
> One Citizens Plaza, 8th Floor
> Providence, RI 02903

Michael D. Adams
(*pro hac vice application pending*)
Emily A. Nash
(*pro hac vice application pending*)
MAYER BROWN LLP
71 S. Wacker Dr.
Chicago, IL 60606

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2024, a true copy of the within was filed electronically via the Court's CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and the filing is available for viewing and downloading from the Court's CM/ECF System.

/s/ R. Bart Totten

4866-1427-0702, v. 1